107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric J. HOLDEN, Petitioner-Appellant,
v.
Al TERRAULT, Superintendent, Cook Inlet Pre-trial Facility;
Karen Hunt, Superior Court Judge, Respondents-Appellees.
 No. 96-35198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric J. Holden, an Alaska state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1995 conviction by jury trial for escape and assault on a parole officer. He contends that because exhaustion of state remedies is futile, the district court erred by finding unexhausted his claims that: (1) the trial court denied him due process when it refused to allow him to testify at trial, and (2) his conviction is invalid because his parole expired before he committed the offenses. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Holden's filings in district court showed that his application for post-conviction relief was pending in the Alaska Superior Court and that he had not yet presented his claims to the Alaska Supreme Court. Accordingly, the district court did not err by concluding that Holden had not yet exhausted state remedies. See Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam) (before federal courts will consider state prisoner's habeas petition, prisoner must exhaust state remedies by fairly presenting claims to highest state court).
 
 
 4
 Holden contends that he should be excused from the exhaustion requirement because the state courts are biased against him and will not rule in his favor, as shown by their delayed decisions and their previous rulings against him. Holden was convicted in July 1995, and he first sought post-conviction relief in September 1995. Accordingly, any continuing delay in the decision of his post-conviction petition is not yet sufficient to excuse Holden from fairly presenting his claims to the Alaska Supreme Court. See Coe v. Thurman, 922 F.2d 528, 529, 531-32 (9th Cir.1990) (exhaustion excused when petitioner's direct appeal on ten-year sentence had not been decided after four years).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3